

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2008

# Orquera v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Orquera v. Comm Social Security" (2008). *2008 Decisions.* Paper 553.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/553

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3361
_____

NILA M. ORQUERA,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 06-cv-02121)
District Judge:  Hon. Joseph A. Greenaway

Submitted under Third Circuit LAR 34.1(a)
on June 27, 2008

Before:  SLOVITER, BARRY and ROTH, Circuit Judges

(Opinion filed:  September 9, 2008)

O P I N I O N

**ROTH,** <u>Circuit Judge</u>:

Nila Orquera appeals an order of the U.S. District Court for the District of New Jersey affirming a determination of the Commissioner of the Social Security Administration that she is not entitled to disability benefits. On appeal, Orquera argues that the Administrative Law Judge's decision was not based on substantial evidence. For the reasons set forth below, we will affirm the order of the District Court.

Because the facts are well known to the parties, we will discuss them only briefly. Nila Orquera applied for Disability Insurance Benefits and Supplementary Security Income payments on December 12, 2003, based on a fractured hip, hip, back and neck pain, depression, and hypertension. Orquera asserted that she was disabled as of December 30, 1997. Her application was denied, and she requested a hearing. A hearing was held before an Administrative Law Judge on April 19, 2005.

The ALJ heard testimony from two medical experts at the hearing, Dr. Nathan Zemel and Dr. Lindsay Cameron. Dr. Zemel, a specialist in physical medicine and rehabilitation, opined that Orquera did not meet or equal any of the listed disabilities,[1] but that her impairments imposed significant restrictions on her ability to work. As such, Dr. Zemel concluded that Orquera was limited to less than sedentary work as of January 9, 2003. He testified that he was not comfortable giving an opinion regarding an earlier

---

[1]Social Security Administration Regulations provide a list of impairments that are presumed severe enough to support a finding of disability. *See* 20 C.F.R. Part 404, Subpt. P, App. 1 (2008).

2

period for which he lacked hard medical evidence.

Dr. Cameron, a specialist in psychology and clinical psychology, opined that Orquera met one of the listings as of the May 13, 2004 consultation. Dr. Cameron stated that Orquera had a prior history of significant and severe depression. Although Dr. Cameron opined that Orquera would have been impaired in her ability to work back in 1995, she noted that the evidence was "sketchy" and that she was only speculating. Dr. Cameron testified further that she could not tell whether Orquera met the listings in 1995.

On September 6, 2005, the ALJ determined that Orquera has been under a disability since January 9, 2003, making her eligible for SSI benefits but not disability insurance benefits because her disability did not begin until after her December 31, 1997, date last insured. In his opinion, the ALJ catalogued the testimony and the medical evidence. The ALJ found that, based on Dr. Cameron's testimony, Orquera met Listing 12.04 as of May 13, 2004, due to major depressive disorder and generalized anxiety disorder. The ALJ found that, based on Drs. Zemel's and Cameron's testimony, Orquera did not have a disability meeting the criteria of any listed impairment from December 30, 1997, until May 13, 2004.

As such, the ALJ evaluated Orquera's residual functional capacity during the interim. The ALJ acknowledged that Social Security Ruling 83-20 provides that in some cases, it may be possible to infer that the onset of a disabling impairment occurred prior to the date of the first recorded medical examination and required the use of medical experts

3

to infer a reasonable onset date. The ALJ found Dr. Cameron's opinion that Orquera had a severe psychiatric impairment as of 1995 unsupported by the record because Dr. Cameron herself stated that her opinion regarding the period prior to May 13, 2004, was sketchy and speculative.

The ALJ concluded that Orquera had depression and generalized anxiety disorder from December 30, 1997, until May 12, 2004. However, the ALJ found that, between December 30, 1997, and January 8, 2003, Orquera had the residual functional capacity to perform the exertional demands of light work and to perform her past relevant work as sewing machine operator. Based on Dr. Zemel's testimony, the ALJ found that Orquera was limited to less than sedentary work beginning January 9, 2003. The ALJ determined that the Social Security Administration had failed to show that there were other jobs existing in the national economy that Orquera could perform and therefore concluded that she was disabled as of January 9, 2003.

On March 10, 2006, the Appeals Council denied Orquera's request to review the ALJ's decision. Orquera sought review in the U.S. District Court for the District of New Jersey. The District Court affirmed the Commissioner's decision. Orquera timely appealed.

To establish a disability under the Social Security Act, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2000). A claimant is considered to be under a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.* at § 423(d)(2)(A). A claimant generally bears the burden of providing medical and other evidence to support a claim of disability. *Id.* at §§ 423(d)(5)(A), 1382c(a)(3)(H).

We have subject matter jurisdiction pursuant to 42 U.S.C. § 405(g) and appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review the record to determine whether the ALJ's decision to deny Orquera's application for disability benefits is supported by substantial evidence; we are bound by the ALJ's findings of fact if they are supported by substantial evidence. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (internal quotations omitted). We must review the whole record to determine whether the ALJ's decision is supported by substantial evidence. *Id.*

In cases such as this one, "in which the onset date is critical to a determination of entitlement to benefits, an ALJ must grapple with and adjudicate the question of onset,

5

however difficult." *Newell v. Commissioner of Social Security*, 347 F.3d 541, 548 (3d Cir. 2003) (citing Social Security Ruling 83-20, 1983 SSR LEXIS 25 at *1 (1983)). According to SSR 83-20, the ALJ must consider the claimant's allegations, the claimant's work history, and medical and other evidence in determining onset date. 1983 SSR LEXIS at *2, 5. SSR 83-20 acknowledges that "[w]ith slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling," particularly where the date last worked is "far in the past and adequate medical records are not available." *Id.* at *5. In such cases, SSR 83-20 instructs the ALJ to "infer the onset date" from the evidence but requires that the ALJ's judgment "have a legitimate medical basis." *Id.* at *5, 6. SSR 83-20 further provides that the ALJ should call on a medical expert when onset must be inferred. *Id.* at *7.

In this case, the ALJ sufficiently explained his reasons for relying on and rejecting certain evidence, and substantial evidence supports his determination that Orquera was not under a disability prior to January 9, 2003. In reaching his conclusion, the ALJ discussed all of the evidence. The ALJ acknowledged that onset of a disability such as that claimed by Orquera could be inferred and sought the expertise of two doctors to determine the onset date. Evidence of her treatment by other doctors, which includes medical records dating from 2001 and testimony as to talk therapy during 1995 and 1996, does not undermine the ALJ's decision in this case.

Orquera argues that the ALJ failed to compare her past work with light work, in

6

particular, by failing either to engage a vocational expert or to make a finding as to her ability to use foot pedals and tolerate constant movement of her limbs, as required in her past work as a sewing machine operator. As the District Court noted, the ALJ is not required to engage a vocational expert. 20 C.F.R. § 404.1566(e) (2008). Moreover, the ALJ discussed Orquera's testimony regarding her past work, including the use of foot pedals, and the record does not suggest that Orquera was limited in her ability to use foot pedals or move her hands.

For the reasons set forth above, we will affirm the judgment of the District Court.